IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BRENDA GEER-FRAZIER, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| vs. ) | Case No. 20-934 |
| ) | |
| ) | **DEMAND FOR JURY TRIAL** |
| NORTHCENTRAL TECHNICAL COLLEGE ) | |
| 1000 W Campus Drive, ) | |
| Wausau, Wisconsin 54401 ) | |
| ) | |
| and, ) | |
| ) | |
| WISCONSIN TECHNICAL COLLEGE SYSTEM ) | |
| 4622 University Avenue, ) | |
| Madison, Wisconsin 53705 ) | |
| ) | |
| *Defendants*. ) | |

**COMPLAINT**

Plaintiff, Brenda Geer-Frazier ("Dr. Frazier" or "Plaintiff"), by and through undersigned counsels, hereby files this Complaint against Northcentral Technical College ("NTC"), Wisconsin Technical College System ("WTCS") (collectively "Defendants") and sues for declaratory and injunctive relief, compensatory damages, punitive damages, attorney's fees, expenses and costs (including, but not limited to, court costs and expert fees) pursuant to 2010 Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq*, and Wisconsin Fair Employment Act, and alleges as follows:

**JURISDICTION AND VENUE**

1

1. This Court is vested with original jurisdiction over this action pursuant to 28 U.S.C. §§1331 for Plaintiff's claims arising under 42 U.S.C. §12101 *et seq* and 42 U.S.C. § 2000e *et seq*, based on the Defendants' continued violation of Title I of the ADA and Title VII of the Civil Rights Act of 1964, and supplemental jurisdiction over the Plaintiff's state law claims under Wisconsin Fair Employment Act.

2. The Western District of Wisconsin is the proper venue for this action because the Plaintiff's claims arose within the geographical boundaries of the Western District of Wisconsin within the meaning of 28 U.S.C. §1391(b).

## PARTIES

3. Plaintiff, Brenda Geer-Frazier is residing in Marathon County, Wisconsin, and is otherwise *sui juris*.

4. Upon information and belief, Defendant Northcentral Technical College is a public community college and is located at 1000 W Campus Drive, Wausau, Wisconsin 54401.

5. Upon information and belief, Defendant Wisconsin Technical College System is a system of state support for public technical colleges including Northcentral Technical College, administered by the State of Wisconsin.

## FACTS

6. Plaintiff was an adjunct professor at NTC. She had been working with NTC for eight years.

7. Plaintiff has been chronically ill and her health status is extremely unique. Plaintiff has been diagnosed with fibromyalgia, lupus, Lyme Disease, MTHFR, and several other autoimmune diseases. She has also been struggling with sinus issues for thirty years that

require her to take Nasacort and Allegra every day and occasionally Sudafed. Any invasion of her health, whether through face masks or hand sanitizer, will cause severe reactions from her body. Plaintiff has trouble breathing through a mask, and the chemicals in hand sanitizers would severely affect her immune system such as causing rashes on her skin.

8. Plaintiff was scheduled to teach a class at NTC beginning August 02, 2020.

9. NTC requires all campus visitors, staff and students to wear a mask and use hand sanitizer while on campus.

10. On July 29, 2020, at approximately 1:59 p.m., Plaintiff went to NTC campus to meet with an NTC employee whose name, upon information and belief, is Kelly, to discuss setting up plexiglass in her classroom as a precaution for the spread of Covid-19, so she could teach in-person classes during the pandemic.

11. On July 29, 2020, Plaintiff walked in the building (upon information and belief, the name of the building is "Center for Business & Industry Building") to find a young man who, upon information and belief, is a security guard of NTC ("Security Guard") sitting at a table. Security Guard looked at Plaintiff and asked if she needed help, to which Plaintiff replied no.

12. Security Guard then said, "Here is your mask," referring to the mask he offered to Plaintiff to wear. Plaintiff replied to Security Guard that she is mask exempt and started walking to the classroom where Plaintiff was supposed to meet Kelly.

13. A minute after the above-mentioned encounter, Security Guard went into the room where Plaintiff and Kelly were in and told Plaintiff that she had to put on hand sanitizer and a mask or leave the building.

3

14. Plaintiff told Security Guard again about her mask exemption and that she could not put hand sanitizer on as she is allergic, and it would make her sick. Security Guard started to come toward Plaintiff in an attempt to escort her out of the room.

15. Plaintiff felt threatened by Security Guard's above-mentioned behavior. Plaintiff asked Security Guard to stop coming at her and told him she was about to leave.

16. Plaintiff started heading towards the door. Security Guard followed Plaintiff until she left the building.

17. From when Security Guard asked Plaintiff to leave the room to Plaintiff's departure of the building took roughly 4 minutes.

18. On July 29, 2020, once Plaintiff got home, she immediately called Director of Workforce Training & Professional Development Jarred Eggebrecht ("Mr. Eggebrecht"). Plaintiff told Mr. Eggebrecht the above-mentioned experience she had with NTC's Security Guard.

19. In the above-mentioned phone call, Plaintiff also told Mr. Eggebrecht that she cannot wear a mask or use hand sanitizer due to her health conditions, and she would not be able to go into NTC's buildings if NTC insists that she wear a mask and use hand sanitizer.

20. In the above-mentioned phone call, Mr. Eggebrecht told Plaintiff that NTC might be able to make her class a Zoom class and promised that he would get back to Plaintiff.

21. The next day, on July 30, 2020, Plaintiff received a voicemail from the Vice President of Learning at NTC, Darren Ackley (Mr. Ackley), informing Plaintiff that her employment was terminated because of her inability to comply with NTC's rules requiring masks and the use of hand sanitizer. (Exhibit 1 "Termination Voicemail").

**FIRST CLAIM FOR RELIEF**

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

22. Plaintiff adopts and re-alleges the allegations stated in paragraphs 1-21 of this Complaint as if fully set forth herein.

23. On July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 *et. seq.* Commercial enterprises were provided one and a half (1.5) years from enactment of the statute to implement its requirements. The effective date of Title I of the ADA was on July 26, 1992 and originally applied to employers with 25 or more employees. It prohibits employment discrimination against qualified individuals with disabilities. Since July 26, 1994, Title I has applied to employers with 15 or more employees.

24. Congress found, among other things, that:

    a. physical or mental disabilities in no way diminish a person's right to fully participate in all aspects of society, yet many people with physical or mental disabilities have been precluded from doing so because of discrimination; others who have a record of a disability or are regarded as having a disability also have been subjected to discrimination;

    b. historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

    c. discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation,

   communication, recreation, institutionalization, health services, voting, and access to public services;

   d. individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities; and

   e. the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (8).

25. Congress explicitly stated that the purpose of the ADA was to:

   a. provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

   b. provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

   c. invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

26. Pursuant to 42 U.S.C. §12111 (2) and (5) and the 2010 ADA Standards, Defendants are employers covered by the ADA by the fact they (1) engage in an industry affecting commerce and (2) have 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year. Therefore, each Defendant is covered by, and required to comply with, the ADA.

27. Pursuant to 42 U.S.C. § 12102(2), Plaintiff has a physical impairment that substantially limits her major life activity and has a record of such impairment.

28. Pursuant to 42 U.S.C. § 12111(8), Plaintiff is a qualified individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such an individual holds or desires.

29. Defendants have discriminated against Plaintiff by: (1) discharging her on the basis of her disability; (2) effectively subjecting Plaintiff to discrimination on the basis of her disability; (3) excluding or denying equal jobs to Plaintiff because of her disability; (4) not making reasonable accommodations to Plaintiff pursuant to 42 U.S.C. §12112 (b).

30. Plaintiff has communicated with Defendant NTC's employees about her medical condition/disability that prevents her from complying with Defendant NTC's mask and hand sanitizer policy.

31. Defendant NTC did not offer Plaintiff any reasonable accommodations for her disability, and Defendant discharged Plaintiff on the basis of such disability.

32. Defendants are in violation of 42 U.S.C. §12112 *et. seq.* and the 2010 American Disabilities Act Standards *et. seq.*, and are thereby unlawfully discriminating against Plaintiff as a result of, *inter alia*, these specific violations:

    a. Utilizing standards, criteria, or methods of administration (A) that have the effect of discrimination on the basis of disability; or (B) that perpetuate the discrimination of others who are subject to common administrative control;

    b. Excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association;

    c. Not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee;

    d. Denying employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability, if such denial is based on the need of such covered entity to make reasonable accommodation to the physical or mental impairments of the employee or applicant.

33. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorneys' fees, costs and expenses paid by Defendants, pursuant to 42 U.S.C. §12205.

34. Under the terms of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, punitive damages are available in claims under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq*. Cases in which an employer has engaged in intentional discrimination and has done so with malice or with reckless indifference to the federally protected rights of an aggrieved individual violate those provisions.

35. After Defendant NTC was informed by Plaintiff that she has a disability that prevents her from complying with Defendant NTC's mask and hand sanitizer policy, Defendant NTC discharged Plaintiff immediately the next day through a voicemail.

36. Defendant NTC's immediate discharge of Plaintiff without considering looking into her situation shows reckless and callous indifference to the federally protected rights of Plaintiff.

37. Plaintiff is entitled to punitive damages.

## SECOND CLAIM FOR RELIEF

## VIOLATION OF WISCONSIN FAIR EMPLOYMENT ACT

38. Plaintiff adopts and re-alleges the allegations stated in paragraphs 1-37 of this Complaint as if fully set forth herein.

39. As a result of the medical condition, Plaintiff has a physical impairment which makes achievement unusually difficult or limits the capacity to work and has a record of such impairment. Plaintiff is an individual with a disability within the meaning of Wisconsin Statutes §§ 111.31-111.395.

40. Defendants are employers within the meaning of Wisconsin Statutes § 111.32 (6).

41. Pursuant to Wisconsin Statute §111.321, no employer, labor organization, employment agency, licensing agency, or other person may engage in any act of employment discrimination against any individual on the basis of …disability[.]

42. Specified in Wisconsin Statute §111.322, it is an act of employment discrimination to refuse to hire, employ, admit or license any individual, to bar or terminate from employment or labor organization membership any individual, or to discriminate against

any individual in promotion, compensation or in terms, conditions or privileges of employment or labor organization membership because of any basis enumerated in s. 111.321.

43. Pursuant to Wisconsin Statute §111.325, it is unlawful for any employer, labor organization, licensing agency or person to discriminate against any employee or any applicant for employment or licensing.

44. Defendants discharged Plaintiff because of her disability.

45. By discharging Plaintiff on the basis of her disability, Defendants violated Wisconsin Statutes §§ 111.321, 111.322, 111.325.

46. Defendant NTC refused to acknowledge the discrimination by responding to Plaintiff's Demand Letter.

### THIRD CLAIM FOR RELIEF
### WRONGFUL DISCHARGE

47. Plaintiff adopts and re-alleges the allegations stated in paragraphs 1-46 of this Complaint as if fully set forth herein.

48. An individual has a cause of action for wrongful discharge when the discharge is contrary to a fundamental and well-defined public policy as evidenced by existing law.

49. Individuals seeking relief for wrongful discharge must: (1) first identify a fundamental and well-defined public policy in their complaint sufficient to trigger the exception to the employment-at-will doctrine; and (2) then demonstrate that the discharge violated that fundamental and well-defined public policy.

50. As Plaintiff's allegations stated in paragraph 22-39, Defendants violated 2010 American with Disability Act and Wisconsin Fair Employment Act by discharging Plaintiff on the basis of her disability.

**WHEREFORE**, Plaintiff demands judgement against Defendant and requests the following relief:

1. This Court enter an injunction against Defendants preventing them from discriminating against Plaintiff based on the disability;
2. This Court award compensatory damages to Plaintiff;
3. This Court assess punitive damages;
4. This Court award reasonable attorney's fees, all costs (including, but not limited to the court costs and expert fees) and other expenses of suit to the Plaintiff; and
5. This Court award such other and further relief as it may deem necessary, just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all matters as to which she is entitled by law.

Respectfully submitted this 8th day of October, 2020.

**Levine Eisberner LLC**
*Attorneys for Plaintiff*
14 West Mifflin Street, Suite 206
Madison, Wisconsin 53703
BY:

*[Signature: Qrushi Tang]*

11

Qiushi Yang
nikki@leattys.com
(888) 367-8198
Wisconsin State Bar No. 1119453

Brent Eisberner
brent@leattys.com
888-367-8198
Wisconsin Bar Number: 1098038