IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRENDA GEER FRAZIER,

                Plaintiff,

OPINION AND ORDER

20-cv-934-bbc

    v.

NORTHCENTRAL TECHNICAL COLLEGE
AND WISCONSIN TECHNICAL
COLLEGE SYSTEM,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On October 8, 2020, plaintiff Brenda Geer Frazier filed suit against defendants Northcentral Technical College (NTC) and Wisconsin Technical College System, alleging wrongful discharge in violation of the Americans with Disabilities Act (ADA) and the Wisconsin Fair Employment Act (WFEA). On October 30, defendant NTC filed a motion to dismiss plaintiff's complaint on the grounds that (1) plaintiff failed to exhaust her administrative remedies under the ADA, which required her to file a charge with the Equal Employment Opportunity Commission (EEOC) and receive a right to sue letter; (2) the WFEA does not provide a general private right of action; and (3) the court otherwise lacks supplemental jurisdiction over any state law claims that plaintiff seeks to bring. Dkt. ##4-5. Seven days later, plaintiff filed a motion to voluntarily dismiss her case without prejudice under Fed. R. Civ. P. 41(a)(2), so that she can file a charge with the EEOC, exhaust her administrative remedies and preserve her right to sue. Dkt. #7. In her motion, plaintiff also asks the court to impose the following additional terms and conditions in dismissing the case: 1) any discovery developed in this action may be used in any new actions; 2) no

1

discovery in the new action may be duplicative or cumulative of the discovery already developed in this action; 3) the statute of limitations will be tolled during the entire period between the date of filing the present action and the timely refiling of any new action; 4) any new action may not be brought until plaintiff has exhausted her administrative remedies with the EEOC; and 5) any new action must be filed within ninety 90 days of the date that plaintiff receives a right to sue letter from the EEOC.

Defendant NTC does not oppose plaintiff's request to dismiss her complaint without prejudice and agrees to most of her proposed terms and conditions (specifically nos. 1, 2, 4 and 5), on the condition that plaintiff pay the attorney fees that NTC incurred in filing its motion to dismiss plaintiff's complaint (a total of $6,773). Dkt. #12. NTC objects to plaintiff's request to toll the statute of limitations. Defendant Wisconsin Technical College System has not yet filed a responsive pleading and does not oppose plaintiff's motion. Dkt. #11. In her reply brief, plaintiff opposes the award of attorney fees and has requested that the court dismiss her WFEA claim with prejudice under Rule 15(a).

For the reasons set out below, I will allow plaintiff to amend her complaint to dismiss her WFEA claim, which will be dismissed with prejudice. I also will give plaintiff the option of dismissing the remainder of her case without prejudice and with fees payable to NTC on the terms and conditions outlined in her motion, with one exception: I will not enter an order tolling the statute of limitations. I also have reduced defendant NTC's requested fee award to $2,090. To be clear, I would grant plaintiff's motion to dismiss except for her

2

request to toll the statute of limitations only on the condition that plaintiff pay defendant NTC $2,090 in attorney fees incurred in filing its motion to dismiss. If plaintiff objects to the payment of fees as a condition of dismissal without prejudice, she may amend her motion to dismiss her case with prejudice. Marlow v. Winston & Strawn, 19 F.3d 300, 305 (7th Cir. 1994) ("A court should not label something as a term and condition yet not afford the affected party an opportunity to consider his options before making his decision.").

## OPINION

A court can grant voluntary dismissal under Rule 41(a)(2) "on terms that the court considers proper." For example, the court may require that dismissal be with prejudice or condition the dismissal on plaintiff's payment of costs and attorney fees. Cauley v. Wilson, 754 F.2d 769, 771 (7th Cir. 1985). In deciding whether to dismiss a claim with prejudice, a court may consider "[t]he defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." Federal Deposit Insurance Corp. v. Knostman, 966 F.2d 1133, 1142 (7th Cir. 1992) (quotation omitted).

I will first address whether this case should be dismissed without prejudice and on the terms and conditions proposed by plaintiff. I then will address defendant NTC's request to condition dismissal without prejudice on the award of attorney's fees.

3

A. <u>Plaintiff's Proposed Dismissal Without Prejudice</u>

It is appropriate to dismiss this case without prejudice. The case is still in its early stages, no dispositive motions have been filed, no significant fees or costs have been incurred by either party, and there is no evidence that plaintiff has acted in bad faith or with excessive delay. Additionally, plaintiff has presented a legitimate reason for seeking dismissal, namely, that she have the opportunity to exhaust her administrative remedies. Because neither defendant opposes plaintiff's proposed terms and conditions regarding the use of discovery, the exhaustion of plaintiff's administrative remedies and the filing of any new action within 90 days of plaintiff's receipt of a right to sue letter, I have no opposition to granting them.

However, I will not enter an order tolling the statute of limitations with respect to any of plaintiff's claims. Plaintiff does not identify the statute of limitations that she is concerned about and cites no authority for her request in either her initial motion or in her reply brief. <u>Putnam v. Colvin</u>, 651 F. App'x 538, 542-43 (7th Cir. 2016) (citing <u>Schomas v. Colvin</u>, 732 F.3d 702, 708 (7th Cir. 2013) (undeveloped arguments are waived)). Further, I can think of no justification for granting plaintiff extra time. As defendant NTC points out, doing so would inappropriately reward plaintiffs who have brought premature or otherwise defective lawsuits by granting them extra time they otherwise would not have.

B. <u>Award of Attorney's Fees as Condition of Dismissal Without Prejudice</u>

Defendant NTC has requested as a condition of dismissal without prejudice that plaintiff pay the attorney fees it incurred in bringing its motion to dismiss the complaint.

4

"Typically, a court imposes as a term and condition of dismissal [without prejudice] that plaintiff pay the defendant the expenses he has incurred in defending the suit, which usually includes reasonable attorneys' fees." Marlow, 19 F.3d at 303 (Noting that such terms and conditions "are the quid for the quo of allowing the plaintiff to dismiss his suit without being prevented by the doctrine of res judicata from bringing the same suit again."). The purpose of attorney fees is to compensate the defendant for the unnecessary expense that the litigation has caused. Cauley, 754 F.2d at 772. See also Marlow, 19 F.3d at 306 ("As a general rule, an award of reasonable attorneys' fees, less any fees for work that may be utilized in subsequent litigation of the same claim, is an entirely appropriate condition of dismissal."). Thus, a fee award should reimburse the defendant for expenses incurred in preparing work product that will not be useful in subsequent litigation of the same claim. Wells Fargo Bank, N.A. v. Younan Properties, Inc., 737 F.3d 465, 468 (7th Cir. 2013) (citing Cauley, 754 F.2d at 772 (internal citations omitted)). In this case, defendant NTC raised three issues in its motion to dismiss: (1) plaintiff failed to exhaust her administrative remedies under the ADA by filing a charge with the EEOC; (2) the WFEA does not provide a general private right of action; and (3) in the absence of a valid federal claim, the court lacks supplemental jurisdiction over any state law claims that plaintiff seeks to bring.

As an initial matter, plaintiff seems to agree that any work performed on her WFEA claim would not be useful in subsequent litigation. However, because she concedes that the WFEA does not provide a private right of action, she asks in her reply brief that the court dismiss her WFEA claim with prejudice and without fees under Rule 15(a). Defendant NTC

5

opposes this request, arguing that plaintiff should not be allowed to amend her motion to dismiss through her reply brief in an attempt to avoid responsibility for NTC's reasonable attorney fees, particularly because plaintiff demonstrated a general lack of diligence in bringing her lawsuit. However, Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a "court should freely give leave when justice so requires." This standard "require[s] a district court to allow amendment unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." Life Plans, Inc. v. Sec. Life of Denver Insurance Co., 800 F.3d 343, 358 (7th Cir. 2015). There is no good reason to deny plaintiff's request to dismiss her WFEA claim at this early stage in the lawsuit. Further, "[f]ees are not awarded when a plaintiff obtains a dismissal with prejudice because the defendant cannot be made to defend again." Cauley, 754 F.2d at 772 (internal quotation omitted). Therefore, I will allow plaintiff to amend her complaint under Rule 15(a)(2) to remove her WFEA claim, which I will dismiss with prejudice.

Plaintiff argues that the work NTC's attorneys performed regarding the exhaustion of her administrative remedies could be useful in any subsequent litigation between the parties. Her assertion appears to be based on her belief that she may again run afoul of the ADA's exhaustion requirement, possibly due to her own failure to cooperate or properly raise her claim in the EEOC proceedings. However, as defendant NTC points out, any new failure to exhaust administrative remedies would raise a separate issue requiring new research and a different motion to dismiss. Unless plaintiff plans to refile the same lawsuit without first filing a charge with the EEOC, the work performed by NTC relating to this issue will not be

6

useful in any subsequent litigation between the parties.

Plaintiff also argues that NTC's work regarding supplemental jurisdiction was an "unnecessary expense of its own making." Dkt. #14 at 3-5. Although plaintiff seems to believe that NTC unnecessarily focused on supplemental jurisdiction because the central issue in the case was whether she exhausted her administrative remedies with respect to her federal ADA claim. However, as defendant argues, the work it performed on supplemental jurisdiction was prompted by plaintiff's lack of diligence in failing to exhaust her administrative remedies and in asserting a WFEA claim in the wrong forum. The limited discussion of supplemental jurisdiction in NTC's brief in support of its motion to dismiss was appropriate under the circumstances, but I agree with defendant that the work is unlikely to be useful in future proceedings between the parties.

Accordingly, I conclude that if plaintiff chooses to dismiss the remainder of her case without prejudice, defendant NTC is entitled to an award for the fees it incurred in bringing its motion to dismiss plaintiff's complaint. NTC says that it incurred fees in the amount of $6,773 in preparing its motion to dismiss. In support, it has submitted a declaration from its lead counsel, Joseph Olson, and an itemized invoice showing that another lawyer, Peter Sandvick, spent 21.1 hours at $230 an hour researching and drafting the 10-page brief in support of the motion to dismiss and Olson spent 4 hours at $480 an hour reviewing and editing the brief. Dkt. #13.

Plaintiff does not challenge the reasonableness of the attorneys' hourly rates. Rather, she argues that the imposition of fees will pose an undue hardship on her, NTC's itemization

7

is vague and the requested fees are unreasonable because 24.4 hours in an excessive amount of time to spend on the motion.

As plaintiff points out, at least one court of appeals has held that a plaintiff's ability to pay is a factor that may be considered in deciding whether an award of fees and costs under Rule 41(a)(2) is appropriate. Herring v. City of Whitehall, 804 F.2d 464, 468 (8th Cir. 1986). The issue seems to be an open one in this circuit, but there is no authority prohibiting the consideration of a plaintiff's ability to pay. Whitaker v. Ameritech Corp., No. 95 C 2949, 1996 WL 400052, at *5 (N.D. Ill. July 15, 1996) (finding same and not awarding fees). Here, plaintiff says that she is 59 years old, suffers from several chronic autoimmune diseases, has suffered financial difficulties since NTC terminated her in August 2020 and has limited future employment prospects because of these problems. However, plaintiff has failed to provide any specific details concerning her financial situation. Further, defendant NTC points out that plaintiff worked for NTC and other educational institutions only on an as-needed or as-able basis and has an alternate source of income because she owns her own company through which she sells garbanzo bean pasta. See Dr. Noodles By Brenda, http://www.drnoodlesbybrenda.com (last visited Jan. 8, 2021). Therefore, I do not find that plaintiff would be unable to pay any attorney fees.

Although I find NTC's itemization acceptable, I agree that the amount of hours expended is excessive. The legal issues raised in NTC's brief are not complex or unique and could have been addressed summarily. NTC also is not entitled to collect for any work performed on plaintiff's WFEA claim, which looks to have comprised about one-third of its

brief. Accordingly, I will reduce Sandvick's billing entry to 7 hours and Olson's entry to one hour, reducing the fee request to $2,090 ($230 x 7=$1,610 plus $480 x 1 = $480). I will allow plaintiff a short period of time, until January 22, 2021, to decide whether she (1) accepts dismissal of her case without prejudice and with $2,090 in fees on the terms and conditions outlined in this order; or (2) prefers to dismiss her case with prejudice.

## ORDER

IT IS ORDERED that:

1. Plaintiff Brenda Geer Frazier is GRANTED LEAVE TO AMEND her complaint to remove her claim under the Wisconsin Fair Employment Act. That claim is DISMISSED with prejudice.

2. Plaintiff shall have until January 22, 2021, to inform the court whether: (1) she accepts dismissal of her case without prejudice and with $2,090 in fees on the terms and conditions outlined in this order; or (2) she is amending her motion to dismiss her case with prejudice.

Entered this 13th day of January, 2021.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge